LANSING, Judge.
We are asked to determine whether the district court erred by denying Bryce Scott Mendel’s motion to dismiss a charge of possession of a controlled substance. In that motion, Mendel argued that the chemical he possessed, known as AM-2201, was not a scheduled controlled substance at the time he possessed it. In the alternative, he argued that the statute is ambiguous and the rule of lenity should apply.
I.
BACKGROUND
Mendel was the owner and operator of “Incense Delivery,” a business which sold a plant substance containing a chemical known as AM-2201. The State contends that this substance was a form of “spice,” a generic name for plant substances that are covered in a psychoactive chemical and sold for the purpose of being smoked. After officers engaged in a controlled buy and tested the substance Mendel was selling, Mendel was charged with a single count of possessing a schedule I, nonnarcotic drug with the intent to deliver, I.C. § 37-2732(a)(l)(B). At both the preliminary hearing and in a motion to dismiss, Mendel argued that AM-2201 was not a controlled substance.
Before the State responded or the district court ruled on Mendel’s motion to dismiss, the State and Mendel stipulated to holding Mendel’s motion in abeyance because the same issues were being litigated in another case where the defendant was charged with possession of AM-2201, State v. Alley, Ada County Case No. CR-FE-2011-0115482. Mendel and Alley were represented by the same attorney, and that attorney intended to use the same witnesses and evidence in both cases. It appears that the parties also stipulated to permit the district court in Mendel’s case to render its ruling based upon the evidence in the Alley record. After the district court in the Alley case rejected Alley’s arguments and denied his motion to dismiss the charge, Mendel entered a conditional guilty plea. In his plea agreement, he preserved the right to “withdraw his guilty plea in the event that an Idaho appellate court determines that AM-2201 is not a schedule 1 controlled substance.” After Mendel pled guilty, after he was sentenced, and after the judgment of conviction was entered, the district court denied his motion to dismiss.[1] Mendel argues that this denial was error because AM-2201 was not a controlled substance at the time he possessed it. In the alternative, he contends that the statute in question was ambiguous, requiring that the statute be interpreted in favor of the defendant.
II.
ANALYSIS
On appeal, Mendel and Alley are again represented by the same counsel and have presented similar arguments. The parties to this appeal stipulated that the transcript of the evidentiary hearing in the Alley case *985 should be considered by this Court in this case. Although the issues on appeal in this case are framed slightly differently from those presented in the Alley appeal, our decision in Alley required us to reach all of the claims of error set forth by Mendel in the this appeal. Accordingly, our opinion issued today in State v. Alley, 155 Idaho 972, 318 P.3d 962, 2014 WL 521457 (Ct.App. Feb. 11, 2014), has addressed each of Mendel’s claims of error.
In the Alley opinion, we held that the district court did not err by denying Alley’s motion to dismiss the charge. For the same reasons expressed in Alley, we hold that Mendel’s challenges to the district court’s denial of Mendel’s dismissal motion are without merit. Therefore, Mendel’s judgment of conviction is affirmed.
Judge MELANSON concurs.

. The timing irregularities and propriety of the condition set forth in Mendel’s guilty plea were not raised as claims of error on appeal.